IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BERNARD M. HEGGINS, JR., )
 )
                Petitioner, )
 )
        v. )      1:12CV1350
 )
STATE OF NORTH CAROLINA, )
 )
                Respondent. )

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with the $5.00 filing fee. For the following reasons, the Petition cannot be further processed.

1. Petitioner affirmatively indicates that state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). As Petitioner has been told in connection to past filings, he must exhaust his state court remedies before bringing his claims in this Court. Petitioner should not continue to make filings of unexhausted claims. Petitioner states in the Petition that he did not exhaust his state court remedies because he did not know he could raise his claims in state court. (Docket Entry 1, § 12(b).) This does not explain why Petitioner has not exhausted his claims afer being told by this Court that he is required to do so.

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to

name Reuben Young, who is currently the Secretary of Public Safety, as Respondent. Petitioner should not continue to erroneously name the State of North Carolina as the Respondent in any future filings. This is not proper.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to return the $5.00 filing fee and send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow after he exhausts his state court remedies.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed return Petitioner's $5.00 filing fee and to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

-2-

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition after he exhausts his state court remedies as to the claims he wishes to raise.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: December 27, 2012